NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0181n.06

Case No. 23-3300

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Apr 23, 2024

KELLY L. STEPHENS, Clerk

CHRISTIAN SIMPSON,

  Plaintiff - Appellant,

v.

SHANE RIVERA, et al.,

  Defendants - Appellees.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

OPINION

Before: BATCHELDER, CLAY, and GIBBONS, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Christian Simpson sued Lieutenant Donna Holden and Patrolmen Shane Rivera, Roosevelt Linder, Jason Mausar, and Samuel Thirion of Euclid Police Department ("EPD"), asserting claims under 42 U.S.C. § 1983 and Ohio state law. Simpson alleged constitutional claims of unlawful entry, excessive force, unlawful seizure, and failure to intervene,[1] as well as various state law claims. The district court granted summary judgment for the five officers based on federal qualified immunity and Ohio governmental immunity. Simpson appeals the grant of summary judgment. We affirm the district court's well-reasoned opinion in full.

The district court's description of the undisputed, material facts is accurate and thorough. To summarize, Simpson's neighbor, who lived in a unit adjoining Simpson's, reported to Euclid Fire Department ("EFD") a significant water leak from Simpson's basement into the neighbor's.

---

[1] Simpson alleged supervisory liability on the part of Holden.

Upon arrival, firefighters observed the water leak high up on the neighbor's basement wall, about a foot from the ceiling. Believing Simpson to be home, the firefighters attempted to make contact by knocking on his door but were unsuccessful. EFD requested EPD to assist. Dispatch directed EPD to assist with a water leak and a "possible domestic issue." DE 27-2, Fire Dep't Report, Page ID 389.

Four officers—Rivera, Linder, Mausar, and Thirion—arrived on scene around noon. The officers also attempted to make contact with Simpson by knocking on his doors and windows, but there was no response. Near the back of the house, the officers and firefighters smelled an odor of natural gas. Based on the ongoing water leak, the smell of natural gas, and the unresponsive occupant, the firefighters obtained permission from their supervisor to force entry, but requested that the officers enter first and conduct a "safety sweep" to ensure the firefighters' safety. Holden granted the officers permission to conduct the sweep.

After announcing themselves at the door, the officers entered the residence with their firearms in the "low ready" position to conduct the safety sweep. While sweeping the residence, the officers observed two internal cameras facing them, prompting concerns about being surveilled. The officers twice announced their presence inside the home and received no response. After proceeding upstairs, Mausar discovered Simpson asleep in his bed, where his hands were obscured by blankets. The officers identified themselves again and ordered Simpson to put his hands up and approach them. Simpson, who had woken up, complied with the instructions. As soon as the officers noticed that Simpson was unarmed, they re-holstered or lowered their weapons. At no point did any officer touch Simpson. After dispelling suspicion of any domestic dispute, the officers explained the presence of the water leak and gas odor. Simpson later

accounted for his failure to answer the door, explaining that he had gotten off the night shift at his job and thus was sleeping late.

Based on this interaction, Simpson sued Rivera, Linder, Thirion, Mausar, and Holden, in their individual and official capacities, asserting five claims under 42 U.S.C. § 1983 and four claims under Ohio state law. The officers moved for summary judgment, arguing their entitlement to qualified immunity for the § 1983 claims and governmental immunity for the Ohio state law claims. The district court granted summary judgment to the officers on all claims.

After carefully reviewing the record, the law, and the parties' briefs and arguments on appeal,[2] we conclude that the district court correctly set out the applicable law and correctly applied that law to the facts before it. For the reasons stated in the district court's thorough, well-reasoned opinion, we affirm.

---

[2] We note that Simpson has asserted, for the first time on appeal, that the four officers failed to limit the scope of their search. Because Simpson did not raise this argument before the district court, it has been forfeited. *See Cash-Darling v. Recycling Equip., Inc.*, 62 F.4th 969, 975 (6th Cir. 2023).